05/2023

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: Philadelphia, PA

Address of Defendant: Denver, CO

Place of Accident, Incident or Transaction: _____

---

**RELATED CASE IF ANY:**
Case Number: _____  Judge: _____  Date Terminated _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes [ ]  No [✓]
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit Pending or within one year previously terminated action in this court?    Yes [ ]  No [X]
3. Does this case involve the validity or infringement of a patent already in suit or any earlier Numbered case pending or within one year previously terminated action of this court?    Yes [ ]  No [X]
4. Is this case a second or successive habeas corpus, social security appeal, or pro se case filed by the same individual?    Yes [ ]  No [✓]

I certify that, to my knowledge, the within case [ ] is / [✓] is not related to any now pending or within one year previously terminated action in this court except as note above.

DATE: 6/23/23          _____ /s/          57744
                       Attorney-at-Law *(Must sign above)*          Attorney I.D. # *(if applicable)*

---

**Civil (Place a √ in one category only)**

A. **Federal Question Cases:**
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Wage and Hour Class Action/Collective Action
6. [ ] Patent
7. [ ] Copyright/Trademark
8. [ ] Employment
9. [ ] Labor-Management Relations
10. [X] Civil Rights
11. [ ] Habeas Corpus
12. [ ] Securities Cases
13. [ ] Social Security Review Cases
14. [ ] Qui Tam Cases
15. [ ] All Other Federal Question Cases. *(Please specify)*: _____

B. **Diversity Jurisdiction Cases:**
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify)*: _____
7. [ ] Products Liability
8. [ ] All Other Diversity Cases: *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, Geoffrey V. Seay, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2 § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 6/13/2023          _____ /s/          57744
                         Attorney-at-Law *(Sign here if applicable)*          Attorney ID # *(if applicable)*

NOTE: A trial de novo will be a jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ALTHEA TAYLOR-BEY

**DEFENDANTS**
InnovAge Holding Corporation, 8950 East Lowry Boulevard Denver, Colorado 80230

(b) County of Residence of First Listed Plaintiff: **Philadelphia**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Denver**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Geoffrey V. Seay, 834 Chestnut Street, Suite 206 Philadelphia, PA (610) 82-4211

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [x] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | 368 Asbestos Personal Injury Product Liability | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 370 Other Fraud | 710 Fair Labor Standards Act | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 720 Labor/Management Relations | | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury | 380 Other Personal Property Damage | 740 Railway Labor Act | **SOCIAL SECURITY** | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise | | | 790 Other Labor Litigation | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 791 Employee Retirement Income Security Act | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 210 Land Condemnation | [x] 440 Other Civil Rights | **Habeas Corpus:** | | 864 SSID Title XVI | 891 Agricultural Acts |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | 865 RSI (405(g)) | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** 540 Mandamus & Other | 462 Naturalization Application | | 950 Constitutionality of State Statutes |
| | 448 Education | 550 Civil Rights | 465 Other Immigration Actions | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C.A. § 12101 et seq.

Brief description of cause:
Sexual Assault, Wrongful Termination, ADA, Conspiracy, Sexual Discrimination, Racial Discrimination

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
- **DEMAND $** 3,000,000
- CHECK YES only if demanded in complaint:
- **JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 6/13/2023

SIGNATURE OF ATTORNEY OF RECORD: *(signature)*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

Geoffrey V. Seay, Esquire
Attorney at Law
834 Chestnut Street, Suite 206
Philadelphia, PA 19107
(610) 812-4211
Fax (215) 689-4347
seaylaw@aol.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Althea Taylor-Bey, L.P.N.  :
2301 Woodward Street
Apartment K8
Philadelphia, PA 19115  :
    Plaintiff,
                              :

v.                                         :  Case No. _____

InnovAge Holding Corporation  :
8950 East Lowry Boulevard
Denver, Colorado 80230  :
                              :  :

Total Community Options Group Holdings, Inc.  :
8950 East Lowry Boulevard
Denver, Colorado 80230  :

InnovAge Holding Corporation  :
Pennsylvania LIFE
1940 West Allegheny Avenue
Philadelphia, PA 19132  :

InnovAge Pennsylvania LIFE, LLC
1940 West Allegheny Avenue  :
Philadelphia, PA 19132  :

NewCourtland LIFE
1940 West Allegheny Avenue  :
Philadelphia, PA 19132  :

Jennifer Rindahl, WC and LOA Administrator  :
InnovAge Holding Corporation

8950 East Lowry Boulevard :
Denver, Colorado 80230 :
 :
Corey Evans, R.N., Clinical Services Manager :
InnovAge Holding Corporation :
Pennsylvania LIFE :
1940 West Allegheny Avenue :
Philadelphia, PA 19132 :
 :
THE HARTFORD :
CLAIMPLUS WC CLAIM CENTER :
P.O. Box 14472 :
Lexington, KY 40512 :
 :
Kathryn Moth, Claim Representative :
THE HARTFORD INSURANCE COMPANY :
CLAIMPLUS WC CLAIM CENTER :
P.O. Box 14472 :
Lexington, KY 40512 :
 :
UNUM :
Group Life Disability :
P.O. Box 100156 :
Columbia, SC 29202-3158 :
 :
Provident Investment Management, LLC :
1 Fountain Square :
Chattanooga, TN, 37402-1306 :
 :
UnumProvident Corporation :
1 Fountain Square :
Chattanooga, TN, 37402-1306 :
 :
Carla Harmon, Benefits Specialist :
UNUM :
Group Life Disability :
P.O. Box 100156 :
Columbia, SC 29202-3158 :
 :
Andrea Feeney, Benefits Specialist :
UNUM :
Group Life Disability :
P.O. Box 100156 :
Columbia, SC 29202-3158 :
    Defendants. :

## FEDERAL CIVIL ACTION COMPLAINT

This is a federal civil action complaint by Plaintiff, Althea Taylor-Bey, L.P.N., by and through her attorney, Geoffrey V. Seay, Esquire, against the named Defendants for a pattern of systematic, continuous, ongoing sexual harassment, sexual assault, sexual discrimination, retaliation, refusal to accommodate her disabilities, and wrongful termination of employment that has spanned many years in violation of her rights guaranteed under the laws of the United States, the laws and statutes of the Commonwealth of Pennsylvania and local ordinances of the City of Philadelphia. At its core, this is another "Me Too Case" with all too familiar facts of yet another corporation turning a blind eye to a pattern of systematic, continuous, ongoing sexual harassment, sexual assault, sexual discrimination, groping, slapping, hitting and spanking female employees on their buttocks by the while male supervisor, and the systemic retaliation that is wrought upon the victim.

### I. JURISDICTION

1. This formal complaint is brought pursuant to Titles VI, VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 1981, 1985 and 1986, Americans With Disability Act of 1990, the First, Fifth and Fourteenth Amendments to the United States Constitution, other constitutional provisions and federal statutes, the laws and statutes of the Commonwealth of Pennsylvania and local ordinances of the City of Philadelphia.

2. Plaintiff has exhausted her administrative remedies as required by law.

### II. PARTIES

3. Ms. Taylor-Bey incorporates by reference Paragraphs 1 through 2, as though they are fully set forth herein.

4. Plaintiff, Taylor-Bey, Althea Taylor-Bey, L.P.N. ("Ms. Taylor-Bey") is an adult African-American female residing in Philadelphia, Pennsylvania. At all times relevant to this lawsuit,

3

Ms. Taylor-Bey was employed by Defendants, Total Community Options Group Holdings, Inc. and InnovAge Holding Corp. and their subsidiaries NewCourtland LIFE, 1940 West Allegheny Avenue, Philadelphia, PA 19132 and INNOVAGE Pennsylvania LIFE, 1940 West Allegheny Avenue, Philadelphia, PA 19132.

5. Defendant, InnovAge Holding Corp. ("Defendant InnovAge") is a Delaware Corporation that provides housing and other services to homeless veterans. Its corporate address is 8950 East Lowry Boulevard, Denver, Colorado 80230. At times relevant to this Complaint, InnovAge was doing business in the Commonwealth of Pennsylvania by and through a subsidiary, InnovAge Pennsylvania LIFE, and employed Ms. Taylor-Bey.

6. According to Yahoo Finance: "InnovAge Holding Corp. manages and provides a range of medical and ancillary services for seniors in need of care and support to live independently in their homes and communities. It manages its business through a Program of All-Inclusive Care for the Elderly (PACE) approach. The company offers in-home care services consisting of skilled, unskilled, and personal care; in-center services, such as primary care, physical therapy, occupational therapy, speech therapy, dental services, mental health and psychiatric services, meals, and activities; transportation to the PACE center and third-party medical appointments; and care management. It serves approximately 6,850 PACE participants in the United States; and operates 18 PACE Centers in Colorado, California, New Mexico, Pennsylvania, and Virginia. The company was formerly known as TCO Group Holdings, Inc. and changed its name to InnovAge Holding Corp. in January 2021. InnovAge Holding Corp. was founded in 2007 and is headquartered in Denver, Colorado." In Fiscal Year 2021, InnovAge's revenue was $637.8 million dollars and it employed 1,910 employees.

7. Defendant, Total Community Options Group Holdings, Inc. ("Defendant TCO") is a Delaware Corporation that provides housing and other services to homeless veterans. Its corporate address is 8950 East Lowry Boulevard, Denver, Colorado 80230. At times relevant to this Complaint, InnovAge was doing business in the Commonwealth of Pennsylvania by and through a subsidiary InnovAge Pennsylvania LIFE, and employed Ms. Taylor-Bey.

8. According to Buzzfile: "Total Community Options Group Holdings, L.P. is located in Denver, Colorado. This organization primarily operates in the Home Health Care Services business/industry within the Health Services sector. This organization has been operating for approximately 2 years. TCO Group Holdings, L.P. is estimated to generate $639.7 million in annual revenues, and employs 1,910 total employees across all locations."

9. Defendant, NewCourtland LIFE ("Defendant NewCourtland") is a subsidiary of by Defendants, Total Community Options Group Holdings, Inc. and InnovAge Holding Corp. At times relevant to this Complaint, Defendants, Total Community Options Group Holdings, Inc. and InnovAge Holding Corp. and their subsidiaries NewCourtland LIFE, 1940 West Allegheny Avenue, Philadelphia, PA 19132 and INNOVAGE Pennsylvania LIFE, 1940 West Allegheny Avenue, Philadelphia, PA 19132 employed Ms. Taylor-Bey.

10. Defendant, Jennifer Rindahl ("Defendant Rindahl") is the WC and LOA Administrator at Defendants InnovAge Holding Corp., Total Community Options Group Holdings, Inc.. Her corporate address is 8950 East Lowry Boulevard, Denver, Colorado 80230. On February 8, 2022, in her capacity as WC and LOA Administrator, Defendant wrongfully terminated Ms. Taylor-Bey in violation rights under

11. Defendant, Corey Evans, Clinical Services Manager ("Defendant Evans"), is a Registered Nurse. At all times relevant to this Complaint, At times relevant to this Complaint,

5

Defendants, Total Community Options Group Holdings, Inc. and InnovAge Holding Corp. and their subsidiaries NewCourtland LIFE, 1940 West Allegheny Avenue, Philadelphia, PA 19132 and INNOVAGE Pennsylvania LIFE, 1940 West Allegheny Avenue, Philadelphia, PA 19132 employed Defendant Evans. Defendant Evans was the direct supervisor of Ms. Taylor-Bey. His corporate address was InnovAge Holding Corporation, Pennsylvania LIFE, 1940 West Allegheny Avenue, Philadelphia, Pennsylvania 19132.

12. Defendant, UNUM GROUP ("Defendant UNUM") is the largest international provider of workplace insurance benefits and services; it has been in business for more than 170 years. As of August 2, 2022, it had a net income of $370.4 million for the second quarter of 2022; after-tax adjusted operating income was $386.6 million. At all times relevant hereto, Defendant provided Ms. Taylor-Bey with workplace group life disability insurance benefits through her employer InnovAge.

13. Provident Investment Management ("Defendant Provident"), LLC has 1% ownership share in Defendant, UNUM GROUP, therefore, it owns, operates and controls UNUM.

14. UnumProvident Corporation ("Defendant UnumProvident") owns a 99% share of Defendant, UNUM GROUP., therefore, it owns, operates and controls UNUM.

15. Defendant, Carla Harmon ("Defendant Harmon"), is a Benefits Specialist at Defendant UNUM. At all times relevant hereto, personally, acted in bad faith in denying Ms. Taylor-Bey's claims about workplace disability.

16. Defendant, Andrea Feeney ("Defendant Feeney"), is a Benefits Specialist at Defendant UNUM. At all times relevant hereto, personally, acted in bad faith in denying Ms. Taylor-Bey's claims about workplace disability.

### III. STATEMENT OF MATERIAL FACTS

17. Ms. Taylor-Bey incorporates by reference Paragraphs 1 through 16, as though they are fully set forth herein.

18. At times hereinafter, Defendants InnovAge Holding Corporation, Total Community Options Group Holdings, Inc., InnovAge Holding Corporation Pennsylvania LIFE, InnovAge Pennsylvania LIFE, LLC, NewCourtland LIFE , may be referred collectively as the "InnovAge Defendants"

19. At times hereinafter, Defendants UNUM Group Life Disability, Provident Investment Management, LLC and UnumProvident Corporation, may be referred to as the "UNUM Defendants."

20. Upon reasonable belief and information, Ms. Taylor-Bey avers that each of the corporate Defendants named herein are recipients of federal funds or other federal financial assistance.

21. Ms. Taylor-Bey is a Licensed Practical Nurse in the Commonwealth of Pennsylvania.

22. Ms. Taylor-Bey began her nursing employment in 2004 at Cliveden Convalescent Center where she was a personal care assistant until she transferred to the Life program in 2007.

23. Ms. Taylor-Bey began working for NewCourtland Elder services before InnovAge acquired it. She started as a life specialist and over the years she excelled in her positions and have been acknowledged for the work that she has done.

24. By the time InnovAge and NewCourtland merged, Ms. Taylor-Bey had been with NewCourtland for 14+ years and had worked herself into the position of a Primary Care Nurse, LPN in the clinic.

25. In the entire time that Ms. Taylor-Bey was employed she had not been subjected to any disciplinary action.

26. On February 8, 2022, Ms. Taylor-Bey received a letter informing her that she had been fired from InnovAge.

27. That is the end, but not the beginning, of what happened to Ms. Taylor-Bey.

28. While InnovAge purports to provide "Life On Your Terms" to its clients, as averred herein, InnovAge engaged in a pattern of systematic, continuous, ongoing sexual harassment, sexual assault, sexual discrimination, retaliation, refusal to accommodate her known disabilities, and wrongful termination of employment.

29. During her employment with InnovAge, Ms. Taylor-Bey was pressured to work off the clock to either fulfill her individual duties or to assist in what was necessary for the program in those individual instances; she made nursing visits for which she was not paid for on multiple occasions

30. On November 20, 2018, Ms. Taylor-Bey was sexually harassed, sexually assaulted., grouped, slapped, hit and spanked on her buttocks by her while male supervisor, Defendant Evans.

31. As direct result of the afore-mentioned sexual assault by Defendant Evans at work and on corporate property, Ms. Taylor-Bey suffered physical pain, shock, humiliation, embarrassment, post-traumatic stress disorder ("PTSD") and host of other psychological injuries.

32. In the days immediately after the sexual assault, Ms. Taylor-Bey began to suffer anxiety, depression, sleeplessness, nightmares.

33. On November 28, 2018, Mxs. Taylor-Bey was seen at Einstein Hospital in Philadelphia and was diagnosed with post-traumatic stress disorder ("PTSD"), adult physical abuse, sexual assault and verbal abuse of an adult.

34. In response to her diagnosis, Ms. Taylor-Bey was prescribed Lorazepam and Sertraline.

35. Since her initial diagnosis, Ms. Taylor-Bey has been treated by several mental health professionals and sexual assault therapists and doctors, and has engaged in scores of individual and group therapy sessions three times a week and has been prescribed numerous antidepressants and antianxiety and other medications.

36. Defendant Evans' sexual assault of Ms. Taylor-Bey was witnessed by numerous female employees who gave written statements to InnovAge's management.

37. Ms. Taylor-Bey reported the incident to InnovAge Pennsylvania-Life's human resources department, went to the hospital, where she received a life-altering diagnosis, and went out on medical disability.

38. Defendant Evans' assault of Ms. Taylor-Bey was not an isolated incident. To be sure, for years, his behavior was inappropriate, touchy, sexually geared and often times Ms. Taylor-Bey personally felt obligated to oblige his behavior and advances for the sake of keeping her job.

39. Defendant Evans had sexually harassed Ms. Taylor-Bey in various ways (i.e., making sexually inappropriate remarks, unwanted touching, massaging her body parts, photographing her buttocks) for nearly two years leading up to the November 20, 2018, sexual assault.

40. Defendant Evans' unlawful conduct towards Ms. Taylor-Bey was vile, malicious, offensive, unwanted and unrequited.

41. In addition to his sexual assault of her, Ms. Taylor-Bey witnessed Defendant Evans assault and harass multiple female staff by touching inappropriately and "popping them on the butt with rolled up papers" and photographing/videotaping other female employees' buttocks.

42. At no time did Ms. Taylor-Bey witness Defendant Evans sexually harass men or white women; he focused upon and preyed upon African-American women employees to victimize with sexual harassment sexual assault.

43. Upon reasonable belief and information, Defendant Evans' unlawful conduct towards other African-American women employees was vile, malicious, offensive, unwanted and unrequited.

44. Upon reasonable belief and information, Defendant Evans' unlawful conduct towards other African-American women employees was vile, malicious, offensive, unwanted and unrequited created a hostile work environment.

45. Even though Defendant Evans' conduct put female patients at risk, the InnovAge Defendants never Defendant Evans reported to the state nursing board for sexual harassment and sexual assault after this occurred.

46. Ms. Taylor-Bey had to file a complaint against him with the state nursing board herself.

47. Upon reasonable belief and information, Ms. Taylor-Bey believes Defendant Evans was clearly a danger to the women who worked around him especially those he supervised and that management at InnovAge knew that, but turned a blind eye to his predator behavior.

48. A few days after the sexual assault, Ms. Taylor-Bey sought medical treatment and was diagnosed with post-traumatic stress disorder ("PTSD") and related psychological injuries.

49. After being diagnosed with post-traumatic stress disorder ("PTSD") and related psychological injuries sought medical leave and workers' compensation.

50. At that time, her annual base salary was $66,102.40. Including overtime pay, medical benefits and retirement plan, her total annual compensation exceeded $100,000.00.

51. Defendant InnovAge has an in-house workers' compensation application process; however, Ms. Taylor-Bey's application was intentionally, wrongfully, maliciously and in retaliation for Ms. Taylor-Bey's complaint of being sexually assaulted by Defendant Evans, Defendants THE HARTFORD and Moth negligently misfiled a "back injury" case which was promptly denied by the Commonwealth of Pennsylvania Bureau of Workers' Compensation in December 2018.

52. In January 2019, Ms. Taylor-Bey retained a lawyer and on or about January 15, 2019, a correct Workers' Compensation Claim was filed on Ms. Taylor-Bey's behalf.

53. During the state Workers' Compensation process, the Defendants did not dispute any of the facts related to the sexual assault, post-traumatic stress disorder ("PTSD") and related psychological injuries, and eventually settled the Worker's Compensation Claim.

54. Even though the Defendants conceded Ms. Taylor-Bey's sexual assault and her injuries, they have refused to view her as disabled and entitled to the protection of the Americans with Disabilities Act and to provide reasonable work accommodations for her.

55. After being harassed for months about returning to work by the InnovAge Defendants, on August 27, 2019, Ms. Taylor-Bey's former counsel sought reasonable workplace accommodations for her by writing a letter to the InnovAge Defendants.

56. On August 29, 2019, the InnovAge Defendants Chief Legal Officer and General Counsel, Vanessa D. Walton responded to that letter by stating "[w]e are amendable to having a conversation with you and your client to determine if there are any reasonable accommodations that be made to continue Ms. Taylor-Bey's employment."

57. A few days, there was a conference. Since that conference, the InnovAge Defendants did not make any accommodation to Ms. Taylor-Bey.

58. On February 8, 2022, Ms. Taylor-Bey received a letter of "Administrative Separation of Employment" from InnovAge.

59. This Complaint is timely given the pattern of systematic, continuous, ongoing sexual harassment, sexual assault, sexual discrimination, retaliation, refusal to accommodate her disabilities, and wrongful termination of employment in violation of her rights guaranteed under the laws of the United States, the laws and statutes of the Commonwealth of Pennsylvania and local ordinances of the City of Philadelphia alleged herein because it is filed within the relevant statutory periods and the time permitted by her Right To Sue Letter.

### IV. DEMAND FOR RELIEF, JUDGMENT, DAMAGES AND PUNITIVE DAMAGES

60. Ms. Taylor-Bey incorporates by reference Paragraphs 1 through 59, as though they are fully set forth herein.

61. As averred herein, there are *prima facie* pleadings of the following causes of action:

    a. **Racial discrimination:** Defendant Evans subjected Ms. Taylor-Bey to racial discrimination because he did not sexually harass men or white women; he focused upon and preyed upon African-American women employees to victimize with sexual harassment sexual assault and the InnovAge Defendants turned a blind eye to the pattern of Defendant Evans' conduct that led up to the racial discrimination of Ms. Taylor-Bey in violation of Ms. Taylor-Bey's well-established constitutional rights, federal and state laws and in violation federal laws, state laws and local laws, as well as public policy.

    b. **Gender and Sex Based Discrimination:** Defendant Evans subjected Ms. Taylor-Bey to gender and sex based discrimination because he did not sexually harass men or white women; he focused upon and preyed upon African-American women

employees to victimize with sexual harassment sexual assault and the InnovAge Defendants turned a blind eye to the pattern of Defendant Evans' conduct that led up to the gender and sex based discrimination of Ms. Taylor-Bey in violation of Ms. Taylor-Bey's well-established constitutional rights, federal and state laws and in violation federal laws, state laws and local laws, as well as public policy.

c. **Sexual assault**: Defendant Evans subjected Ms. Taylor-Bey to sexual assault and the InnovAge Defendants turned a blind eye to the pattern of Defendant Evans' conduct that led up his sexual assault of Ms. Taylor-Bey in violation of Ms. Taylor-Bey's well-established constitutional rights, federal and state laws and in violation federal laws, state laws and local laws, as well as public policy.

d. **Sexual Harassment:** The InnovAge Defendants and Defendant Evans subjected Ms. Taylor-Bey to sexual harassment in violation of Ms. Taylor-Bey's well-established constitutional rights, federal and state laws and in violation federal laws, state laws and local laws, as well as public policy.

e. **Hostile Work Environment:** The InnovAge Defendants and Defendant Evans subjected Ms. Taylor-Bey to a hostile work environment in violation of Ms. Taylor-Bey's well-established constitutional rights, federal and state laws and in violation federal laws, state laws and local laws, as well as public policy.

f. **Retaliation:** The InnovAge Defendants and Defendant Rindahl retaliated against Ms. Taylor-Bey by failing to accommodate her disability and wrongfully terminating her for exercising her constitutional rights in violation of Ms. Taylor-Bey's well-established constitutional rights, federal and state laws and in violation federal laws, state laws and local laws, as well as public policy.

g. **American With Disabilities Act of 1990 (ADA):** After Ms. Taylor-Bey was sexually harassed, sexually assaulted, groped, slapped/hit/spanked on her buttocks by the while male supervisor on November 20, 2018, she developed Post Traumatic Stress Disorder ("PTSD") and other related psychological injuries. To this date, Ms. Taylor-Bey is still under the care and guidance of mental health professionals. PTSD is a recognized and protected disability status under the Americans With Disabilities Act of 1990. PTSD is a mental health condition. The InnovAge Defendants, the UNUM Defendants, Defendants Rindahl, Harmon and Feeney did not undertake any analysis of Ms. Taylor-Bey PTSD and other injuries in determining her fitness for continued employment, therefore, the InnovAge Defendants, the UNUM Defendants, Defendants Rindahl, Harmon and Feeney violated the ADA. They treated her PTSD like it was a back injury instead of a mental health problem, disease or defect in violation of Ms. Taylor-Bey's well-established constitutional rights, federal and state laws and in violation federal laws, state laws and local laws, as well as public policy.

h. **Breach of Contract:** At all times relevant to this lawsuit, Ms. Taylor-Bey was employed by the InnovAge Defendants. At all times relevant to this lawsuit, Ms. Taylor-Bey and the InnovAge Defendants there existed an employee handbook that spelled out the expectations of the parties; thus, they were in a contractual relationship as employer and employee. Pursuant to that contract it was implied that the parties would engage in fair dealings with each other. The InnovAge Defendants breached the contract by wrongfully terminating Ms. Taylor-Bey's employment in violation of Ms. Taylor-Bey's well-established constitutional rights, federal and state laws and in violation federal laws, state laws and local laws, as well as public policy.

i. **Wrongful Termination:** At all times relevant to this lawsuit, Ms. Taylor-Bey was employed by the InnovAge Defendants. At all times relevant to this lawsuit, Ms. Taylor-Bey complied with all the workplace rules and regulations of the InnovAge Defendants and did not do anything to cause her termination of employment. Defendants wrongfully terminated Ms. Taylor-Bey's employment in violation of Ms. Taylor-Bey's well-established constitutional rights, federal and state laws and in violation federal laws, state laws and local laws, as well as public policy.

j. **Failure To Train:** The InnovAge Defendants and the UNUM Defendants failed to properly hire, train and supervise their employees. As such, the InnovAge Defendants and the UNUM Defendants were grossly negligent, callously indifferent and reckless with respect to the potential violation of Ms. Taylor-Bey's constitutional rights. Defendants' failures were the moving force behind the actions of their employees' wrongful acts and omissions, resulting in the injuries of Ms. Taylor-Bey aforesaid in violation of Ms. Taylor-Bey's well-established constitutional rights, federal and state laws and in violation federal laws, state laws and local laws, as well as public policy.

k. **Bad Faith Insurance Claim – Defendants UNUM Group and THE HARTFORD GROUP:** In Pennsylvania, insurance companies are fiduciaries. The utmost fair dealing should characterize the transactions between an insurance company and the insured; moreover, the insurance company has a duty to deal with its insured on a fair and frank basis, and at all times, to act in good faith. Here, the UNUM Defendants, Harmon and Feeney did not have a reasonable basis for denying Ms. Taylor-Bey her benefits under her work insurance policy because the Complaint was suffering from

and still is suffering from a recognized disability and that the insurer knew of or recklessly disregarded its lack of reasonable basis in denying the claim. Therefore, Defendant UNUM Group acted in bad faith under the laws of the Commonwealth of in violation of Ms. Taylor-Bey's well-established constitutional rights, federal and state laws and in violation federal laws, state laws and local laws, as well as public policy.

l. **Intentional Infliction of Emotional Distress:** All Defendants' conduct was done knowingly, intentionally, willfully, maliciously, wantonly, grossly negligent, recklessly and with deliberate indifference to cause Ms. Taylor-Bey extreme emotional distress. All Defendants' conduct was done knowingly, intentionally, willfully, maliciously, wantonly, grossly negligent, recklessly and with deliberate indifference to cause Ms. Taylor-Bey extreme emotional distress; further, all Defendants' actions caused Ms. Taylor-Bey to suffer unnecessary physical pain and suffering and emotional pain and suffering; further, all Defendants' conduct, in concert with each other, was done knowingly, intentionally, willfully, maliciously, wantonly, grossly negligently, and recklessly and was beyond the bounds of conduct tolerated in a civilized society in violation of Ms. Taylor-Bey's well-established constitutional rights, federal and state laws and in violation federal laws, state laws and local laws, as well as public policy.

m. **Conspiracy - All Defendants:** All Defendants expressly or tacitly agreed to act and did expressly or tacitly act pursuant to an unconstitutional, custom policy and practice, knowingly, intentionally, willfully, maliciously, wantonly, grossly negligent, recklessly and with callous indifference, in concert and conspiracy with each other and others and had a meeting in the furtherance of numerous unconstitutional

customs, policies and in violation of Ms. Taylor-Bey's well-established constitutional rights, federal and state laws and in violation federal laws, state laws and local laws, as well as public policy.

WHEREFORE, Ms. Taylor-Bey demands a judgment that the actions of all Defendants complained of herein to be in violation Titles VI, VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 1981, 1985 and 1986, Americans With Disability Act of 1990, the First, Fifth and Fourteenth Amendments to the United States Constitution, other constitutional provisions and federal statutes, the laws and statutes of the Commonwealth of Pennsylvania and local ordinances of the City of Philadelphia, as well as public policy, and award attorney's fees, costs, expenses and interest.

62. On all Claims For Relief, Ms. Taylor-Bey demands judgment in their favor against Defendants, jointly and severally, damages in an amount not less than $3,300,000.00 on her claims for relief, and punitive damages in an amount not less than $9,900,000.00 on all claims for relief, and reasonable attorney's fees, costs, expenses and interest because Defendants' actions exceeded the normal standards of decent conduct and were malicious, willful, oppressive, continuous, ongoing, outrageous and unjustifiable for years.

63. Ms. Taylor-Bey demands other just relief as this Court may award.

## V. DEMAND FOR JURY TRIAL

64. Ms. Taylor-Bey incorporates by reference Paragraphs 1 through 63, as though they are fully set forth herein.

65. On all Claims For Relief, Ms. Taylor-Bey demands a trial by Jury.

Respectfully submitted,

s/ *Geoffrey V. Seay*
_____

Geoffrey V. Seay, Esquire
Attorney at Law
834 Chestnut Street, Suite 206
Philadelphia, PA 19107
(610) 812-4211
Fax (215) 689-4347
seaylaw@aol.com