IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALTHEA TAYLOR-BEY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| INNOVAGE HOLDING CORP., et al. | : | NO. 23-2414 |

MEMORANDUM

Bartle, J.                                        February  8, 2024

Plaintiff Althea Taylor-Bey brings numerous claims under federal law.  Several are brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq.: (1) racial discrimination; (2) gender discrimination; (3) sexual harassment; (5) hostile work environment; and (6) retaliation. She also brings claims under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, et seq.; Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d, et seq.; and conspiracy, 42 U.S.C. § 1985(3).  Taylor-Bey also alleges under state law claims of sexual assault, breach of contract, wrongful termination, failure to train, and intentional infliction of emotional distress.

Before the court is the motion of defendants InnovAge Holding Corp., Total Community Options Group Holdings Inc., InnovAge Holding Corporation Pennsylvania LIFE, InnovAge Pennsylvania LIFE, LLC, NewCourtland LIFE, Jennifer Rindahl, and Corey Evans to dismiss the amended complaint under Rule 12(b)(6)

of the Federal Rules of Civil Procedure for failure to state claims upon which relief can be granted (Doc. # 21).

I

When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in the light most favorable to the plaintiff.  See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008); see also Umland v. PLANCO Fin. Servs., Inc., 542 F.3d 59, 64 (3d Cir. 2008).

Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A complaint need not include "detailed factual allegations," but it must state "more than labels and conclusions" and must provide "enough [factual allegations] to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Plaintiffs must "nudge[] their claims across the line from conceivable to plausible."  Id. at 570.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has

2

alleged – but it has not 'show[n]' – 'that the pleader is
entitled to relief.'"  Id. at 679 (citing Fed. R. Civ. P.
8(a)(2)).

II

      Taylor-Bey is an African-American woman formerly
employed by defendants Total Community Options Group Holdings,
Inc. ("TCO") and InnovAge Holding Corp.  InnovAge provides a
range of medical and ancillary services to seniors so that they
can continue to live independently.  TCO provides housing and
other services to homeless veterans.  Taylor-Bey is a Licensed
Practical Nurse and had worked for defendants at NewCourtland
Elder Services for over fourteen years when InnovAge acquired
the clinic.  At that time, Taylor-Bey was a Primary Care Nurse
at the clinic.

      During her employment, Corey Evans, Clinical Services
Manager, was Taylor-Bey's direct supervisor.  Evans regularly
sexually harassed Taylor-Bey and other co-workers, all of whom
were African-American women.  Taylor-Bey avers that he did not
harass men or white women.  This behavior culminated on November
20, 2018 when Evans groped Taylor-Bey.

      Shortly thereafter, Taylor-Bey was diagnosed with
post-traumatic stress disorder ("PTSD") arising from the
assault.  She promptly reported the assault to InnovAge
Pennsylvania-Life's human resources department.  Co-workers gave

3

written statements in connection to her report.  According to
plaintiff, she also filed a complaint against Evans with the
state nursing board.

Taylor-Bey took a leave of absence from work as a
result of her PTSD diagnosis.  She ultimately received workers'
compensation for her injury.

On August 27, 2019, approximately nine months after
the assault, she reached out to InnovAge to request reasonable
accommodations relating to her return to work.  Taylor-Bey does
not say what accommodations she requested.  On August 29, 2019,
InnovAge agreed to meet, and a conference was held.  The amended
complaint is silent as to what occurred.  Taylor-Bey never
returned to work.  InnovAge terminated her on February 8, 2022.

Plaintiff states that she has "exhausted her
administrative remedies as required by law."  She filed a
complaint in August of 2022 with the Pennsylvania Human Rights
Commission ("PHRC").  This document is not in dispute.  In that
administrative filing, Taylor-Bey pleads the same counts as in
her amended complaint here.[1]

Taylor-Bey commenced this action on June 23, 2023.
She amended her complaint on October 27, 2023.

---

1.    This charge also alleged that UNUM Group and the Hartford
Group filed a bad faith insurance claim.  This claim was
originally brought in the instant proceeding but was removed in
the amended complaint.

III

Taylor-Bey first claims that defendants violated Title
VII by discriminating against her based on her race (count a)
and gender (count b) due to Evans' misconduct and other
defendants' willful ignorance of the behavior.

In addition to these claims, she pleads that
defendants' conduct constituted sexual harassment (count d) and
resulted in a hostile work environment (count e).  Sexual
harassment and actions that create a hostile work environment
violate Title VII.  See Burlington Indus., Inc. v. Ellerth, 524
U.S. 742, 753-54 (1998).  The alleged conduct must be
sufficiently severe or pervasive that it has altered plaintiff's
working conditions.  Sousa v. Amazon.com, Inc., No. 22-3043,
2023 WL 7486751, at *3 (3d Cir. Nov. 13, 2023) (citing Clark
Cnty. Sch. Dist. v. Breeden, 532 U.S. 268, 270-71 (2001) (per
curiam)).

To allege that defendants have violated Title VII,
plaintiff's amended complaint must

> show that (1) she is a member of a protected
> class; (2) she was qualified for her
> position; (3) the particular disciplinary
> measure was an adverse employment action;
> and (4) the circumstances of the
> disciplinary measure give rise to an
> inference of discrimination.

Jones v. Se. Pa. Transp. Auth., 796 F.3d 323, 327 (3d Cir.
2015).

Taylor-Bey has satisfied the first prong as she is part of a protected class as an African-American woman.  Next, she alleges she was qualified for her position with over fourteen years of experience at the clinic.  Additionally, she avers she was never penalized for her performance in her role.  InnovAge's decision on February 8, 2022 to terminate Taylor-Bey is an adverse employment action.  Defendants argue that these Title VII claims fail because plaintiff failed to allege there is a causal nexus between her protected status and her termination.

Taylor-Bey does not allege facts which, if true, would demonstrate that her termination is a result of her membership in a protected racial or gender class.  Her amended complaint avers only that she was an African-American woman who was terminated "without cause or justification."  This bald conclusion does not plausibly connect her identity as an African-American woman to the cause of her termination.  See, e.g., Bartos v. MHM Corr. Servs., Inc., 454 F. App'x 74, 77 (3d Cir. 2011); Brzozowski v. Pa. Turnpike Comm'n, 165 F. Supp. 3d 251, 261 (E.D. Pa. 2016).  Her claims of racial and gender discrimination will be dismissed.

Defendants argue that Taylor-Bey's sexual harassment and hostile work environment claims fail because the relevant

statute of limitations has lapsed.[2]  In order to bring a timely Title VII claim, a charge must either be filed within 180 days of the alleged unlawful employment practice or, if plaintiff earlier brought a charge with the PHRC, within 300 days after such occurrence.[3]  See Nat'l R'R Passenger Corp. v. Morgan, 536 U.S. 101, 119-20 (2002).

The gravamen of Taylor-Bey's sexual harassment and hostile work environment claims is Evans' sexual harassment on November 20, 2018 and his conduct prior to that date.  Yet, Taylor-Bey did not file her charge with the PHRC until August 8, 2022.  This is a gap of over three years.  Thus to the extent that the alleged discrimination is grounded in a discrete act, it is untimely.

Plaintiff counters that the continuing violation doctrine saves her claim.  For a continuing violation, plaintiff must plead alleged acts of the same type of discrimination and

---

2.   The Federal Rules of Civil Procedure typically require a defendant to plead an affirmative defense such as one based on the statute of limitations, rather than raise such an argument in a motion to dismiss.  However, our Court of Appeals has determined such an affirmative defense may be raised under Rule 12(b)(6) where the statute of limitations issue is apparent on the face of the complaint.  Fried v. JP Morgan Chase & Co., 850 F.3d 590, 604 (3d Cir. 2017).

3.   Pursuant to a work-sharing agreement between the EEOC and PHRC, filing with the PHRC is sufficient to satisfy the exhaustion requirements of the federal antidiscrimination statutes.  See, e.g., Woodson v. Scott Paper Co., 109 F.3d 913, 925-26 (3d Cir. 1997).

of sufficient frequency.  <u>Mandel v. M & Q Packaging Corp.</u>, 706 F.3d 157, 165-66 (3d Cir. 2013).  In <u>National Railroad Passenger Corp. v. Morgan</u>, the Supreme Court held that when a plaintiff alleges hostile work environment, adverse employment actions that occurred outside of the statute of limitations will not be excluded as untimely when they necessarily build upon timely actions of harassment that form part of the same hostile work environment claim.  536 U.S. at 118-19.

Taylor-Bey does allege she experienced multiple instances of sexual harassment.  These actions seem to be the same type of discrimination, that is inappropriate touching by Evans.  As Taylor-Bey left her position on November 20, 2018, that is the last day any such harassment could have occurred based on the allegations in the amended complaint.  Even if she was the subject of multiple instances of harassment, any claim of a continuing violation ended outside limitations period for the filing of her complaint with the PHRC.

Taylor-Bey's claims of sexual harassment and hostile work environment will be dismissed as untimely.

IV

Taylor-Bey also alleges a claim of retaliation under Title VII (count f).  To maintain such a claim, a plaintiff must aver that: (1) she engaged in conduct protected by Title VII; (2) defendants took an adverse action against her; and (3) the

8

protected conduct was causally related to the adverse employment action.  Moore v. City of Philadelphia, 461 F.3d 331, 340-41 (3d Cir. 2006) (citing Slagle v. Cnty. of Clarion, 435 F.3d 262, 266 (3d Cir. 2006)).

Defendant argues that Taylor-Bey's claim fails because she does not allege a causal relationship between the protected action and any adverse employment action.  Plaintiff did not respond to this argument in her briefing.

Taylor-Bey alleges she reported Evans to InnovAge human resources as well as to the state nursing board soon after the alleged assault on November 20, 2018.  Plaintiff must allege that she "hold[s] an objectively reasonable belief, in good faith" that the offensive conduct was unlawful under Title VII. Moore, 461 F.3d at 341 (citing Clark Cnty., 532 U.S. at 271). As she has alleged as much, these reports are protected actions.

For causation, Taylor-Bey must, at minimum, allege temporal proximity between the protected conduct and the adverse employment action.  Temporal proximity should be "unusually suggestive" in order to infer such a link.  See, e.g., Groeber v. Friedman & Schuman, P.C., 555 F. App'x 133, 136 (3d Cir. 2014) (citing Krouse v. Am. Sterilizer, Co., 126 F.3d 494, 503 (3d Cir. 1997)).  In the absence of sufficiently probative temporal proximity, plaintiff may allege "otherwise nefarious" behavior in the intervening period.  Id.

Taylor-Bey alleges that she reported Evans' misconduct to her employer and to the state nursing board after the assault on November 20, 2018.  She was not terminated until February 8, 2022, over three years later.  This temporal proximity is not "unusually suggestive."  Our Court of Appeals has held a period of only three months to be insufficient where there is no evidence of retaliatory animus.  Groeber, 555 F. App'x at 136.  Taylor-Bey does not allege that such retaliatory animus persisted throughout this intervening period.  Thus she does not allege a sufficient temporal link to state a retaliation claim.

Taylor-Bey's claim of retaliation will be dismissed.

V

Taylor-Bey further alleges that defendants discriminated against her on the basis of her disability in violation of the ADA (count g).  Such a claim is cognizable as either a claim that discrimination resulted in an adverse action or a claim that plaintiff's employer failed to make reasonable accommodations for her disability.  Haberle v. Troxell, 885 F.3d 170, 180 (3d Cir. 2018).

To allege a claim of disability discrimination under the ADA, plaintiff must show that: (1) she is disabled under the meaning of the ADA; (2) she is otherwise qualified to perform the essential functions of the job; and (3) she suffered an

adverse employment decision due to the discrimination.  See
Shaner v. Synthes (USA), 204 F.3d 494, 500 (3d Cir. 2000).

Defendants argue that Taylor-Bey fails to state a
claim under the ADA because she does not sufficiently allege
that she is qualified to perform the essential functions of her
job with or without a reasonable accommodation.  Taylor-Bey does
not address this argument in her response.

Taylor-Bey worked in the NewCourtland clinic for over
fourteen years but has not worked for defendants since receiving
her PTSD diagnosis.  While she alleges that she has not been
able to return to work, there are no factual allegations
regarding what reasonable accommodation Taylor-Bey needs in
order to perform the essential functions of her position.
Plaintiff must allege that she is "otherwise qualified" to
perform a job, that is either she is capable of performing the
job without a reasonable accommodation or specify what
reasonable accommodation is necessary for her to complete the
job's essential functions.  Kiniropoulos v. Northampton Cnty.
Child Welfare Serv., 917 F. Supp. 2d 377, 387 (E.D. Pa. 2013).
Taylor-Bey has not made either allegation and for this reason,
her claim of disability discrimination will be dismissed.

A plaintiff alleges a prima facie claim of an
employer's failure to accommodate her disability when defendant

is an employer covered by the ADA,[4] plaintiff is disabled within
the meaning of the ADA, plaintiff can perform the essential
functions of the job with or without reasonable accommodation,
and the defendant knew of her disability and failed to provide
her with a reasonable accommodation.  Ruggiero v. Mount Nittany
Med. Ctr., 736 F. App'x 35, 39 (3d Cir. 2018).  An employer will
usually need to initiate an interactive process with its
employee in order to determine what reasonable accommodation
should be provided.  Id.

As Taylor-Bey does not allege that she can perform the
essential functions of the job upon her diagnosis of PTSD, she
does not allege defendants have failed to accommodate her.  Thus
her claim of disability discrimination will be dismissed.

VI

Though not addressed as a separate count in her
amended complaint, Taylor-Bey "demands a judgment that the
actions of all [d]efendants complained of herein to be in
violation [of] Title[] VI."  Title VI prohibits discrimination
based on race, color or national origin in the provision of
benefits or under any program or activity that receives federal
financial assistance.  See 42 U.S.C. § 2000d.  Title VI does not
authorize "action with respect to any employment practice . . .

---

4.   The definition of such an employer is based on number of
employees.  See 42 U.S.C. § 12111(5).

except where a primary objective of the Federal financial
assistance is to provide employment." Id. at § 2000d-3.

In her amended complaint, Taylor-Bey asserts that each
corporate defendant is a "recipient of federal funds." She does
not go further. There are no factual allegations relating to
the purpose of the federal funding such entities receive.

Taylor-Bey argues in her response to defendants'
motion to dismiss that alleging that defendants receive federal
financial assistance is sufficient to state a claim that
defendants have violated Title VI. Defendants disagree. They
point out in their reply that Taylor-Bey has not alleged she is
the intended beneficiary of the federal funds provided to
defendants.

Plaintiff must allege either that the primary purpose
of the federal funding was to provide employment or that the
alleged discrimination necessarily affects the funding's
intended beneficiaries. Fields v. Am. Airlines, Inc., Civ. A.
No. 19-903, 2021 WL 4306021, at *16 (E.D. Pa. Sept. 22, 2021).
She has not done so. Taylor-Bey does not maintain that the
corporate defendants' federal funding is meant to provide
employment. Further, she does not allege that she is an
intended beneficiary of any such federal funding. Thus this
claim will be dismissed.

VII

Taylor-Bey also alleges that defendants conspired against her (count l).  In her response to defendants' motion to dismiss, she argues that she alleges a conspiracy claim under 42 U.S.C. § 1985(3).  To state such a cause of action, plaintiff must allege that there has been a conspiracy with the specific purpose of depriving a person of the equal protection of the laws and that at least one conspirator acted in furtherance of such conspiracy whereby a person was injured or deprived of a constitutional right.  Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971).  To assert that a conspiracy has occurred, a plaintiff must submit "specific factual allegations of combination, agreement, or understanding among all or between any defendants to plot, plan, or conspire to carry out the alleged chain of events."  Moore v. Solanco Sch. Dist., 471 F. Supp. 3d 640, 660 (E.D. Pa. 2020) (quoting Germantown Cab Co. v. Phila. Parking Auth., Civ. A. No. 14-4686, 2015 WL 4770722, at *10 (E.D Pa. Aug. 12, 2015)).

The amended complaint provides only conclusory allegations regarding the defendants' agreements among themselves.  While she avers that InnovAge "turned a blind eye to [Evans'] predatory behavior[,]" she does not describe the conspiracy with any further particularity.  There are no

14

allegations as to how defendants conspired to terminate her.
This claim will be dismissed.

VIII

Finally, Taylor-Bey alleges various claims under
Pennsylvania law, including intentional infliction of emotional
distress (claim k).  A viable claim of intentional infliction of
emotional distress must involve extreme or outrageous conduct so
"as to go beyond all possible bounds of decency, and to be
regarded as atrocious, and utterly intolerable in a civilized
society."  Cox v. Keystone Carbon Co., 861 F.2d 390, 395 (3d
Cir. 1988) (citing Buczek v. First Nat'l Bank of Mifflintown,
531 A.2d 1122, 1125 (Pa. Super. 1987)).  Defendants assert that
in the employment context a claim of sexual harassment must be
accompanied by additional other retaliatory behavior in order to
satisfy this standard.  Plaintiff disagrees and argues that
Evans' behavior, the company's misfiling of her workers'
compensation claim, and the failure of defendants to accommodate
her disability are collectively outrageous.

Defendants cite Bowersox v. P.H. Glatfelter Co. as an
example of conduct sufficiently outrageous to state a claim of
intentional infliction of emotional distress in the employment
context.  There, the court denied defendants' motion to dismiss
plaintiff's claim of intentional infliction of emotional
distress.  677 F. Supp. 307, 315 (M.D. Pa. 1988).  Plaintiff

averred that defendant not only sexually harassed plaintiff over a period of years but also engaged in a widespread retaliatory campaign against her characterized by withholding information necessary to do her job and forbidding she speak with co-workers.  Id. at 311.  The alleged misconduct of Evans' toward Taylor-Bey and her co-workers, while certainly wrongful as pleaded, does not rise to the level of intentional infliction of emotional distress.  Therefore, this claim will be dismissed.

Defendants correctly argue in their reply that plaintiff has not addressed defendants' motion to dismiss regarding her state law claims of sexual assault (count c), breach of contract (count h), wrongful termination (count i), and failure to train (count j).  The court deems plaintiff to have waived any objections to defendants' motion in this regard. These claims will be dismissed.